IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-cr-279-MHT |
| | ) | |
| TIMOTHY T. JOHNSON | ) | |

**UNOPPOSED MOTION TO WITHDRAW GUILTY PLEA**

**COMES NOW** the defendant, **TIMOTHY T. JOHNSON**, by and through undersigned counsel, and respectfully moves the Court for an Order granting this Motion to Withdraw Guilty Plea pursuant to Federal Rules of Criminal Procedure 11(d)(2)(b). In support of this Motion, Mr. Johnson would show the following:

1. The Government, through Assistant United States Attorney Jerusha Adams does not oppose this motion.

2. At his change of plea hearing, Mr. Johnson was advised that pursuant to 18 U.S.C. §922(g)(1) he was subject to a sentence of not more than 10 years, as fine of not more than $250,000, not more than 3 years supervised release, and a special assessment of $100.00. However, undersigned counsel and Mr. Johnson assert that Mr. Johnson was not advised that should the United States Probation Office determine that he was an Armed Career Criminal pursuant to 18 U.S.C. §924(e), he would be subject to a mandatory minimum sentence of not less than 15 years nor more than life.

3. The Government, through Assistant United States Attorney, Jerusha Adams, concurs with undersigned counsel's assertion in paragraph 2 above.

4.  Upon receiving the Presentence Investigation Report, counsel for the government and undersigned counsel discovered that the United States Probation Officer had determined that Mr. Johnson qualified for Armed Career Criminal pursuant to 18 U.S.C. §924(e) and was subject to a mandatory minimum sentence of not less than 15 years. Counsel for Mr. Johnson did not expect a finding by the United States Probation Office that Mr. Johnson qualified for Armed Career Criminal.

5.  Rule 11(c)(1) requires that, before accepting a plea of guilty, the court must address the defendant personally in open court and inform the him of the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. As asserted above, Mr. Johnson was not informed of the penalties associated with a finding by the United States Probation Officer that he was qualified for an enhancement pursuant to 18 U.S.C. 924(e).

6.  Generally, the decision to permit the withdrawal of a guilty plea is committed to the sound discretion of the district court. *See United States v. Buckles*, 843 F.2d 469, 471 (11th Cir.1988), *cert. denied*, 490 U.S. 1099 (1989). Pursuant to Rule 11(d)(2)(B), F.R. Cr.P., Mr. Johnson can withdraw his plea of guilty before sentencing if he can can show a fair and just reason for requesting the withdrawal. *See United States v. Siegel*, 102 F.3d 477, 481 (11th Cir, 21996) (holding that Rule 11(c)(1) imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea and whether the defendant knew and understood the consequences of his guilty plea. If one of the core concerns is not satisfied, then the plea of guilty is invalid.)

7.  A plea of guilty may be withdrawn if the defendant demonstrates that the interests of justice and fairness so require. A district court's failure to advise a defendant, prior to the entry of his guilty plea, that such a plea will result in the imposition of a mandatory minimum sentence is a

violation of Rule 11(c)(1), is not harmless error under Rule 11(h) and requires that the defendant be permitted to plead anew. *See United States v. Hourihan*, 936 F.2d 508, 510-11 (11th Cir.1991); *see also United States v. Cobia*, 41 F.3d 1473 (11th Cir.1995) (before a defendant is sentenced he must be notified of mandatory minimum and maximum possible penalties pursuant to Rule 11(c)(1)).

8.    With Mr. Johnson's knowledge and consent, undersigned counsel has entered into negotiations with the Government and fully expects this matter to resolve itself through a negotiated plea agreement including cooperation pursuant to 18 U.S.C. Appx 5K1.1 and 18 U.S.C. §3553(e).

9.    Because Mr. Johnson entered his plea of guilty without the understanding that he was potentially subject to a minimum sentence of not less than 15 years, his plea was neither knowing or voluntary. *See United States v. Siegel*, 102 F.3d 477, 481 (11th Cir, 21996).

**WHEREFORE**, for the foregoing reasons, Mr. Johnson asserts he has shown a fair and just reason for requesting the withdrawal, and respectfully requests that this Court grant his Motion and allow him to withdraw his guilty plea.

Dated this 15th day of April, 2008.

Respectfully submitted,

s/ Michael J. Petersen
MICHAEL J. PETERSEN
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:07-cr-279-MHT |
| | ) | |
| TIMOTHY T. JOHNSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jerusha Adams, Esq., Assistant U. S. Attorney.

Respectfully submitted,

s/ Michael J. Petersen
**MICHAEL J. PETERSEN**
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M