IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-CR-279-MHT |
| | ) | |
| TIMOTHY TYRONE JOHNSON | | |

## PLEA AGREEMENT

DEFENSE COUNSEL:          Michael J. Petersen

ASSISTANT U.S. ATTORNEY:      Jerusha T. Adams

## COUNT AND STATUTE CHARGED

Count 1:      18 U.S.C. § 922(g)(1) – Convicted Felon in Possession of a Firearm

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT

Count 1:      18 U.S.C. § 922(g)(1)

## STATUTORY MAXIMUM PENALTIES

Count 1:      18 U.S.C. § 922(g)(1)

A term of imprisonment of not more than ten years, or if previously convicted of three violent felonies or serious drug offenses, then not less than fifteen years and not more than life; and a fine of not more than $250,000, or both; a term of supervised release of not more than three years, or if previously convicted of three violent felonies or serious drug offenses, then not more than five years; an assessment fee of $100; and an order of restitution.

## ELEMENTS OF THE OFFENSE

Count 1:      18 U.S.C. § 922(g)(1) – Convicted Felon in Possession of a Firearm

First:      That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

Second:      That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Jerusha T. Adams, Assistant United States Attorney, and Michael J. Petersen, attorney for the defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(C), have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects. The plea is being submitted to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. The parties further understand that, if at any time, the defendant breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1.    Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the United States will do the following:

a.    The United States will agree that a 2-level decrease in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as between the date of this agreement and the date of sentencing, the defendant does not obstruct justice, commit any new federal or state offense, or otherwise fail to accept responsibility for the offense conduct. Should the United States find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the United States will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the

further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

   b. The United States will agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that a sentence of 180 months imprisonment and 5 years of supervised release is the appropriate disposition of this case.

   c. The United States will agree to recommend a reduction in the defendant's sentence pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Federal Rule of Criminal Procedure 35 contingent upon when the defendant's substantial assistance to authorities becomes complete. At the time of sentencing, the United States will make a motion for downward departure based on the defendant's assistance as of that date. Determination of whether the defendant has met his obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) at sentencing is at the sole discretion of the Office of the United States Attorney for the Middle District of Alabama. Determination of the amount of the recommended departure at sentencing is at the sole discretion of the Office of the United States Attorney for the Middle District of Alabama. The failure of the Court to grant the motion or to sentence the defendant as recommended by the United States shall not provide the defendant with a basis to withdraw his plea. The United States will agree to file a further motion for downward departure under Federal Rule of Criminal Procedure 35 if the defendant provides substantial assistance to the United States after he is sentenced. The defendant understands and agrees that the Office of the United States Attorney for the Middle District of Alabama will have the sole discretion to determine if the defendant has provided substantial assistance, when to file such motion, and the amount of the

-3-

2.      The United States makes no representation regarding the defendant's criminal history category which will be determined solely by the United States Probation Office.

3.      The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

<u>**DEFENDANT'S PROVISIONS**</u>

4.      The defendant agrees with paragraphs 1 through 3 of the United States' provisions and further agrees to the following:

   a.      To plead guilty to Count 1 of the Indictment.

   b.      To forfeit to the United States any and all firearms and ammunition in his possession.

   c.      To not commit state, federal, or local crimes.

   d.      To cooperate with the United States as set forth in the Cooperation Agreement below.

   e.      To waive appeal and collateral attack as detailed below.

<u>**COOPERATION AGREEMENT**</u>

5.      The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States upon reasonable request and to fully and truthfully respond to all

questions asked of the defendant by law enforcement officers and attorneys for the United States.

6.    The defendant agrees to fully and truthfully disclose to the United States everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the United States if requested to do so.

7.    Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the United States during the course of the defendant's cooperation, concerning related offenses, will not be used against the defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

8.    If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the United States will be released from its commitment to honor all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the United States' investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the United States will be free: (a) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. §§ 1621, 1623, 1001, 1503); (b) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (c) to use against the defendant in all of those prosecutions and sentencings the

information and documents that the defendant has disclosed or furnished to the United States during the course of the defendant's cooperation; (d) to recommend a maximum sentence; (e) to seek forfeiture of any and all forfeitable properties of the defendant; (f) to seek forfeiture of any appearance bond made by the defendant if the defendant fails to appear in the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents; and (g) to prosecute the defendant for the defendant's failure to appear at any scheduled court appearance, pursuant to 18 U.S.C. § 1073 or any other applicable state or federal criminal statute. The parties agree that the United States will have the sole discretion to decide whether the defendant has breached this agreement.

## FACTUAL BASIS

9.     The defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 in the Indictment. Specifically, the defendant admits the following to be true and correct:

a.     Defendant was convicted of the felony offense of Robbery III in the Circuit Court of Montgomery County, Alabama (CC-2005-703) on June 29, 2006.

b.     On or about March 10, 2007, in Montgomery County, Alabama, Defendant knowingly possessed a firearm, namely, a Ruger, Model P89, 9mm Pistol.

c.     Defendant stipulates that said firearm traveled in interstate commerce.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

10.     Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The defendant specifically waives the right to appeal

-6-

the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt.  The defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255.  This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds.  But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

11.    In return for the above waiver by the defendant, the United States does not waive its right to appeal the sentence imposed in the instant case.  The United States  does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.  Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## APPLICATION OF SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

12.    It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may or may not follow the recommendation set forth in the agreement, or defer its decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant understands that the

-7-

Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands that the Court will consider the factors enumerated in Title 18, United States Code, Section 3553(a), in imposing a sentence. Specifically, the Court will consider:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines;

(5)    any pertinent policy statement – (A) issued by the Sentencing Commission subject to any amendments made to such policy statement by act of Congress; and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

13.    The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.    The discussions between the attorney for the United States and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's

authorization and consent.

b.    Other than as provided for under Fed. R. Crim. P. 11(c)(1)(C), the defendant acknowledges that a breach of this Plea Agreement by the defendant, to include committing another federal, state, or local offense prior to sentencing on the pending charges, will not entitle him to withdraw his guilty plea in this case. The defendant understands and acknowledges that the defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c.    The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the United States any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d.    The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that

-9-

by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.       The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.       The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

h.       The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.       The defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the respective Court.

j.       The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection

-10-

with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

        k.      The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

      14.     The undersigned attorneys for the United States and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Fed. R. Crim. P. 11. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      15.     The defendant understands that the United States Probation Office will prepare a

-11-

presence investigation report for the Court. The Probation Officer will consider the defendant's

conduct related to the offense to which the plea if offered, as well as the defendant's criminal history.

The offense level or criminal history category as calculated by the Probation Officer and determined

by the court may differ from that projected by the defendant's counsel or the United States Attorney.

In the event that the Court determines the defendant's offense level or criminal history category to

be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on

that basis.

This 13th day of June, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Louis V. Franklin, Sr.
Chief, Criminal Division
Post Office Box 197
Montgomery, Alabama 36101

Jerusha T. Adams
Assistant United States Attorney

-12-

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL,  MICHAEL J. PETERSEN .

Timothy Tyrone Johnson
Defendant

6/13/2008
Date

Michael J. Petersen
Attorney for the Defendant

6/13/2008
Date

-13-